Mazin A. Sbaiti (SBN 275089)
mas@sbaitilaw.com
**SBAITI & COMPANY PLLC**
3102 Maple Avenue, Suite 400
Dallas, Texas 75201
P: (214) 432-2899
F: (214) 853-4367

Matthew B. Sicheri (*Pro Hac Vice*)
Matthew.Sicheri@SbaitiLaw.com
**SBAITI & COMPANY NJ LLC**
100 Mulberry Street,
3 Gateway Center, Suite 1102
Newark, New Jersey 07102
P: (973) 945-2000
F: (973) 954-9710

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.V.*, an individual,*<br><br>　　　　*Plaintiff,*<br><br>　　v.<br><br>G6 HOSPITALITY PROPERTY LLC, ET AL.,<br><br>　　　　*Defendants.* | Case No. 5:24-cv-02350-SRM-DTB<br><br>~~**[PROPOSED]**~~ **PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION** |

## 1.  <u>PURPOSES, LIMITATIONS AND GOOD CAUSE STATEMENT</u>

### A.  <u>Purposes and Limitations</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiff J.V., Defendant G6 Hospitality Property, LLC, Defendant G6 Hospitality, LLC, Defendant Motel 6 Operating, L.P., Defendant 5710 La Palma L.P., Defendant K and A Global Investment LLC, Defendant SOL

Hospitality Group, LLC, Defendant Prashant R. Vaghashia, Defendant Mita P. Vaghashia, Defendant Jayeshbhai S. Shah, Defendant Balgopal Investments Inc., Defendant Angela Wu Shuyu, Defendant West Coast Inn – Ontario California, Defendant Choice Hotels International Inc., Defendant Wyndham Hotels & Resorts, Inc., Defendant Ramada Worldwide Inc., Defendant ABC Corporations, Defendant El Monte Hospitality LLC, Defendant SB Hotel North LLC, and Defendant Anaheim Investment Inc. (collectively the "Parties") hereby stipulate to petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protection on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not presumptively entitle parties to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### B.   Good Cause Statement

Plaintiff represents that she believes in good faith that the alleged trafficker(s) and the traffickers' associates present an ongoing threat to safety to her and her family members, and that the disclosure of Plaintiff's Identity within the context of this Action will increase that threat as well as the social stigma associated with being an alleged trafficking victim. Plaintiff further represents that she has taken steps to prevent disclosure of Plaintiff's Identity in conjunction with this Action, that she is unaware of any public disclosure of Plaintiff's Identity in conjunction with this Action, that she does not intend to publicly disclose Plaintiff's Identity in conjunction with this Action on social media or otherwise, and that Plaintiff and her attorneys and representatives have not made and will not make any public statements regarding any of the Parties to or allegations in this Action. If Defendants become aware of any

1    public disclosure of Plaintiff's Identity in conjunction with this Action by Plaintiff or

2    her counsel, Defendants may apply to the Court for relief from the restrictions

3    imposed in this Protective Order related to non-disclosure of Plaintiff's Identity. The

4    Parties agree to abide by the terms of this Protective Order until the Court grants any

5    such application for relief.

6         Defendants represent that this Action is likely to involve documents and

7    information reflecting or relating to the franchisor defendants' proprietary franchise

8    systems, including applicable system and/or brand standards and financial terms of

9    franchise relationships, personally identifying information of customers, and other

10   valuable commercial, financial and/or proprietary information for which special

11   protection from public disclosure and from use for any purpose other than

12   prosecution of this Action is warranted.

13        Such confidential and proprietary materials and information consist of, among

14   other things, confidential business or financial information, information regarding

15   confidential business practices, or other confidential research, development, or

16   commercial information (including information implicating privacy rights of third

17   parties), information otherwise generally unavailable to the public, or which may be

18   privileged or otherwise protected from disclosure under state or federal statutes, court

19   rules, case decisions, or common law. Accordingly, to expedite the flow of

20   information, to facilitate the prompt resolution of disputes over confidentiality of

21   discovery materials, to adequately protect information the parties are entitled to keep

22   confidential, to ensure that the parties are permitted reasonable necessary uses of such

23   material in preparation for and in the conduct of trial, to address their handling at the

24   end of the litigation, and serve the ends of justice, a protective order for such

25   information is justified in this matter. It is the intent of the parties that information

26   will not be designated as confidential for tactical reasons and that nothing be so

27   designated without a good faith belief that it has been maintained in a confidential,

28   non-public manner, and there is good cause why it should not be part of the public

**Protective Order Regarding Disclosure of
Confidential Information    3**

record of this case.

## 2.    DEFINITIONS

2.1 "Action" means *J.V. v. G6 Hospitality, LLC., et al*., case number 5:24-cv-02350-SRM-DTB, presently pending in the United States District Court for the Central District of California.

2.2 "Party" means any party named in this Action.

2.3 "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action.

2.4 "Plaintiff's Identity" means: [1] names and aliases used by Plaintiff at any time; [2] Plaintiff's date of birth; [3] Plaintiff's social security number; [4] Plaintiff's current and prior residential address; [5] Plaintiff's current and prior phone numbers and active and inactive social media or online user accounts; and [6] Plaintiff's visual likeness or physical appearance.

2.5 "Confidential Information" means Discovery Material (regardless of how it is generated, stored or maintained) or tangible things that contain: [1] potentially sensitive personal identifying or financial information, including but not limited to, dates of birth, social security numbers, phone numbers, employment histories, or credit card information, videos, photographs, social media; and [2] any material prohibited from disclosure by statute or Court Order but is nonetheless discoverable. "Confidential Information" does not include "Plaintiff's Identity" or "Attorneys' Eyes Only" Information.

2.6 "Attorneys' Eyes Only" means Discovery Material (regardless of how it is generated, stored, or maintained) or tangible things that constitute, reflect, disclose, or contain trade secrets or proprietary information that a Defendant has maintained as non-public or confidential and to be so competitively sensitive that it could suffer competitive harm if such information was disclosed to other defendants. Materials warranting an Attorneys' Eyes Only designation will include, but are not limited to, documents and information reflecting or relating to the franchisor defendants'

proprietary franchise systems, including applicable system and/or brand standards and financial terms of franchise relationships.

2.7 "Designating Party" means a Party or Non-Party that designates and marks information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "PLAINTIFF'S IDENTITY".

2.8 "Receiving Party" refers to a Party or Non-Party to which information or items containing "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", "PLAINTIFF'S IDENTITY" has been produced by a Designating Party.

2.9 "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated by the Designating Party in connection with discovery in this case.

2.10 "Outside Counsel" means attorneys who are not employees of a Party but are retained to represent or advise a Party to the Action, and persons who are employees, partners, or shareholders of a law firm that represents or has appeared on behalf of a Party in this Action.

2.11 "In-House Counsel" means Attorneys and their support staff who are employees of a Party.

2.12 "Counsel" (without qualifier) means Outside Counsel and In-House Counsel (as well as their support staffs).

2.13 "Final Disposition" means the later of (i) dismissal of all claims and defenses in this Action, with or without prejudice; and (ii) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

2.14 "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

2.15 "Protected Material" means any Discovery Material that is designated "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "PLAINTIFF'S IDENTITY" as provided for in this Protective Order.

2.16 "Expert" means a person with specialized knowledge or experience in a matter pertinent to this lawsuit and his or her employees, or staff, who has been retained by a Party or their Counsel to serve as an expert witness or consultant in this Action.

2.17 "Professional Vendors" means persons or entities that provide litigation support services (e.g., document and ESI processing, hosting, review and production, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees or subcontractors.

## 3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also [1] any information copied or extracted from Protected Material; [2] all copies, excerpts, summaries, or compilations of Protected Material; and [3] any testimony, conversations, or presentations by Parties, Non-Parties, or their Counsel that may reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial. The use of Protected Materials at the time of trial shall be finalized prior to trial consistent with the Court's pretrial order.

**A.**     This Protective Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a) of the Federal Rules of Civil Procedure.

**B.**     This Protective Order is without prejudice to the right of any Party to seek further or additional or less restrictive protection of any Discovery Material or

to modify this Protective Order in any way, including, without limitation, an order that certain matter not be produced at all.

**C.** To the extent a Designating Party provides Protected Material under the terms of this Protective Order to the Receiving Party, the Receiving Party shall not share that material with any Non-Party, absent express written permission from the Designating Party, unless in conformance with this Protective Order.

**4.** **DURATION**

**A.** Not later than ninety (90) days after the Final Disposition of this case, each Receiving Party shall return all Protected Material to the Designating Party's Counsel at the cost of the Designating Party. At the Designating Party's option, it may direct the Receiving Party to destroy some or all of the Protected Material instead of returning it.

**B.** All Parties that have received any such Protected Material shall, upon request by the Designating Party, certify in writing that all Protected Material has been returned to the Designating Party's Outside Counsel or destroyed. Notwithstanding the foregoing, Counsel for each Party may retain all pleadings, briefs, memoranda, discovery responses, deposition transcripts, deposition exhibits, Expert reports, results of investigations, motions, and other documents filed with the Court that refer to or incorporate Protected Material and will continue to be bound by this Protective Order with respect to all such retained information. Further, the Party or Parties receiving the Protected Material shall keep their attorney work product which refers or relates to any Protected Material.

**C.** Attorney work product may be used in subsequent litigation, provided that such use does not disclose Protected Material, or any information contained therein.

**5.     ACCESS TO AND USE OF PROTECTED MATERIAL, AND FILING PROTECTED MATERIAL**

**A.**     All information designated "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "PLAINTIFF'S IDENTITY" shall be used solely for the purposes of the Action between the Parties. Nothing herein shall restrict the use of Protected Material by the Producing Party. Protected Material produced by defendants shall not be shared with any litigation funding organization.

**B.**     With the exception of Protected Material designated by the Producing Party as "ATTORNEYS' EYES ONLY" or "PLAINTIFF'S IDENTITY", which are addressed separately in Sections 5.C and 5E, respectively, access to a Designating Party's information marked "CONFIDENTIAL" shall be limited to, and only to, the following persons:

    i.    The Parties, including the current employees, officers, representatives of the Parties, their parent companies, and other affiliated/related entities as needed to litigate any claims or defenses in this Action;

    ii.    Former employees, officers, and representatives of the Parties, provided that any such person may not retain any documents containing Protected Material;

    iii.    Current contractors of the Parties who execute the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

    iv.    Counsel for the Parties and employees, agents, and representatives of Counsel as needed to litigate any claims or defenses in this Action;

    v.    Adjusters and claims professionals of an insurer of a Party and counsel for such insurer of a Party as needed to litigate any claims or defenses in this Action;

    vi.    The Court and Court personnel;

    vii.    Court reporters, recorders, and videographers engaged for depositions;

viii.   Any mediator appointed by the Court or jointly selected by the Parties who executes the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

ix.   Any Expert, outside consultant, or investigator retained by Outside Counsel specifically in connection with this Action and who executes the Acknowledgment & Agreement to Be Bound attached to this Protective Order as Exhibit A;

x.   A person identified in the document containing Protected Material as an author, source, addressee, or recipient of the communication or document, or who already has a copy of the document containing Protected Material;

xi.   Professional Vendors who execute the Acknowledgment & Agreement to Be Bound attached to this Protective Order as Exhibit A;

xii.   Government agencies and agency personnel, but only to the extent that the Party reasonably believes disclosure of the Protected Material is potentially necessary to litigate any claims or defenses or to comply with any obligations or requirements;

xiii.   In the course of a deposition, any Non-Party deponent and such Non-Party deponent's counsel may be shown Protected Material provided that any such Non-Party deponent and his or her counsel may not retain any documents containing Protected Material following the deposition; and

xiv.   Such other persons as hereafter may be designated by written agreement in this Action or by order of the Court.

C.   Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may only disclose Attorneys' Eyes Only Information to:

i.   Any of the Receiving Party's Outside Counsel in this Action, including the employees of the Receiving Party's Outside Counsel;

---

**Protective Order Regarding Disclosure of
Confidential Information**   9

ii.   Experts, investigators, and consultants to whom disclosure is reasonably necessary for this litigation and who have signed Exhibit A;

iii.   The Court and court personnel;

iv.   Court reporters, recorders, and videographers engaged for depositions;

v.   Professional Vendors retained by the Parties, so long as a representative with authority to bind the Professional Vendor executes Exhibit A;

vi.   The author or recipient of a document containing the Attorneys' Eyes Only Information or a custodian or other person who otherwise possessed or knew the Attorneys' Eyes Only Information.

**D.**   Designations. No person subject to this Protective Order other than the Producing Party shall disclose any of the Protected Material designated by a Producing Party as "ATTORNEYS' EYES ONLY" to any person whomsoever, except to the persons identified in Section 5.C. Protected Material designated by the Producing Party as "ATTORNEYS' EYES ONLY" may not be shared with current or former employees, officers, representatives, In-House Counsel, or current or former contractors of the non-producing Defendants.

**E.**   Access to Plaintiff's Identity information shall be limited to, and only to, the following:

i.   The Parties as defined in Section 2.2, including current employees (including In-House Counsel), officers, representatives of the Parties, their parent companies, and other affiliated/related entities necessary to litigate any claims or defenses;

ii.   Law enforcement agencies and agency personnel, but only to the extent that the Party reasonably believes disclosure of Plaintiff's Identity is necessary to litigate any claims or defenses or to comply with any Party's discovery obligations or requirement.

iii.   Former employees (including In-House Counsel), officers, contractors and representatives of the Parties who Outside Counsel for a Party in good faith

---

**Protective Order Regarding Disclosure of Confidential Information**   10

believes may possess information that may lead to the discovery of admissible information relevant to Plaintiff's claims or the Defendants' defenses and who execute Exhibit A. If such person refuses to sign Exhibit A, the person will have access to Plaintiff's name, aliases, and photographs only, provided they are made aware of this Protective Order and provided that Plaintiff's and Plaintiff's family's physical location will never be disclosed to any such person. Counsel disclosing Plaintiff's name, aliases, and/or photographs to any person who is the subject of Section 5(E)(iii) and who has not signed Exhibit A shall keep a record of such disclosure(s). That record is not subject to discovery, in whole or in part, without a further order of the Court;

iv.   Any witness, except and excluding Plaintiff's traffickers and their associates, who Outside Counsel in good faith believes may possess information that may lead to the discovery of admissible information relevant to Plaintiff's claims or the Defendants' defenses and who executes Exhibit A. If a witness refuses to sign Exhibit A, the witness will have access to Plaintiff's name, aliases, and photographs only, provided they are made aware of this Protective Order and provided that Plaintiff's and Plaintiff's family's physical location will never be disclosed to any such person. Counsel disclosing Plaintiff's name, aliases, and/or photographs to any person who is the subject of Section 5(E)(iv) and who has not signed Exhibit A shall keep a record of such disclosure(s). That record is not subject to discovery, in whole or in part, without a further order of the Court;

v.   Counsel for the Parties retained specifically for this Action and employees, agents, and representatives of Counsel as needed to litigate any claims or defenses in this Action;

vi.    Any mediator appointed by the Court or jointly selected by the Parties who executes Exhibit A;

vii.   Adjusters and claim professionals of an insurer of a Party and counsel for such insurer of a Party as needed to litigate any claims or defenses so long as a representative with authority to bind the insurer signs Exhibit A;

viii.  The Court and Court personnel;

ix.    Court reporters, recorders, and videographers engaged for depositions;

x.     Any custodian of records;

xi.    Any Expert, outside consultant, or investigator retained by Counsel specifically in connection with this Action and who have signed Exhibit A;

xii.   Professional Vendors but only to the extent that the disclosure of Plaintiff's Identity is necessary to litigate any claims or defenses and so long as a representative with authority to bind the Professional Vendor executes Exhibit A;

xiii.  Government agencies and agency personnel, but only to the extent that the Party reasonably believes disclosure of Plaintiff's Identity is necessary to litigate any claims or defenses or to comply with any obligations or requirements;

xiv.   The Plaintiff's alleged trafficker(s) and/or the alleged trafficker(s)' associates (as disclosed by Plaintiff pursuant to Section 6.B of this Protective Order or as otherwise known to the Defendants), but only after providing 30-day notice to the Plaintiff of the intention to contact the alleged trafficker to permit Plaintiff to seek further protection from the Court should it be necessary. Neither Plaintiff nor any person or entity acting on Plaintiff's behalf may communicate with the alleged trafficker or the trafficker's associates identified by Plaintiff during the notice period. The Plaintiff's Identity will be revealed to the alleged trafficker and/or known associates only to the extent necessary to assist in their recollection

---

**Protective Order Regarding Disclosure of Confidential Information**   12

1   of Plaintiff and/or her trafficking history. Plaintiff's and Plaintiff's family's

2   physical location will never be disclosed to Plaintiff's trafficker and/or the

3   trafficker's known associates; and

4   xv.   Such other persons as hereafter may be designated by written agreement in

5   this Action or by order of the Court.

6   **F.**   Prior to any disclosure of Discovery Material marked

7   "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "PLAINTIFF'S

8   IDENTITY" to any person required by this Order to execute the Acknowledgement

9   & Agreement to Be Bound attached as Exhibit A, such person shall be provided a

10  copy of this Protective Order and shall sign the Acknowledgement & Agreement to

11  Be Bound, in the form annexed as Exhibit A hereto stating that that person has read

12  this Protective Order and agrees to be bound by its terms. Counsel shall retain each

13  signed Acknowledgement & Agreement to Be Bound, and produce it to all Parties

14  and to the Court, upon the Court's request, prior to such person being permitted to

15  testify at a deposition or trial. For any Party's experts and/or individuals and/or

16  entities (i.e., any and all non-parties) issuing a report, affidavit, or similar document

17  exchanged in discovery, a copy of the signed Acknowledgement & Agreement to Be

18  Bound must be attached to the served report, affidavit, or similar document.

19  **G.**   In the event that Counsel desires that Protected Material be disclosed to

20  anyone beyond that which is allowed in this Order, the Parties shall confer in good

21  faith and attempt to resolve the matter; if no agreement can be reached, the matter

22  shall be referred to the Court for resolution.

23  **6.    USE OF PLAINTIFF'S IDENTITY**

24  **A.**   Notwithstanding anything to the contrary herein, the following shall

25  apply to the disclosure and use of Plaintiff's Identity. During all pretrial, public

26  proceedings in this litigation and in any public filing, the Parties shall take all steps

27  necessary to protect Plaintiff's Identity. Each Party must either (i) redact Plaintiff's

28  Identity in a manner which Counsel reasonably believes in good faith will prevent

the unauthorized disclosure of Plaintiff's Identity, or (ii) where feasible, use the pseudonym "J.V." in place of Plaintiff's Identity. No Party shall publicly disclose Plaintiff's Identity in connection with this Action, except as authorized by this Stipulation and Order or by other order of the Court.

**B.**    Within five business days of the entry of this Order by the Court, Plaintiff shall provide Defendants, through their Counsel, with the following:

    i.    Plaintiff's full name, maiden name, and alias names used at any time, including those used in connection with social media;

    ii.    Plaintiff's date of birth;

    iii.    Plaintiff's Social Security Number;

    iv.    Plaintiff's addresses in 2002-2022 (the years of the alleged trafficking) and addresses since 2022; and

    v.    The full names and aliases of plaintiff's trafficker(s), including any known associates of the trafficker(s).

**C.**    Nothing in this Order shall prevent any Party from seeking further protections or modification of this Order for the trial or litigation of this Action. Nothing in this Order shall prevent a Party from requesting from Plaintiff during the course of discovery any other information that is linked or linkable to the true identity of Plaintiff or her alleged trafficker(s) and associates, such as, but not limited to, any medical, educational, financial, employment, or other information. Relatedly, nothing in this Order relieves Plaintiff of the obligation to produce any discoverable documents or information that Plaintiff intends to rely upon at trial. The protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

**7.    DESIGNATING PROTECTED MATERIAL**

**A.**    When producing Protected Material, the Producing Party shall mark every page of any such document prior to production as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "PLAINTIFF'S IDENTITY", as appropriate, or

give other comparable notice. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.

**B.** All Protected Material not reduced to documentary, tangible, or physical form, or which cannot be conveniently designated pursuant to the preceding Section III.A, shall be designated by the Producing Party in writing to the Receiving Party and the designated information shall thereafter be treated in accordance with the terms of this Order.

**C.** In the event that a Producing Party fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "PLAINTIFF'S IDENTITY" at the time of its production, that Producing Party may do so thereafter on notice to all of the Receiving Parties; provided however, that the Receiving Party shall not be liable for any disclosure or use of such information that may have occurred prior to receiving notice of the Protected Material designation. Upon receiving the Protected Material with the correct designation, the Receiving Party shall return or securely destroy, at the Designating Party's option, all Discovery Material that was not designated properly.

**D.** If at any time during the deposition of a Party's or Non-Party's employee, agent, or representative, information is sought that the Party or Non-Party considers to be Protected Material, Counsel for the Party or Non-Party may interrupt the deposition so as to ask persons to whom disclosure of Protected Material is not authorized to leave the room. Aside from deponents, only persons to whom Protected Material is authorized to be shown shall be permitted to attend confidential portions of depositions involving Protected Material.

**E.** For testimony given in a deposition or in a pre-trial hearing, the Parties and any deposed Non-Party may agree on the record during the deposition or pre-trial hearing that testimony in that proceeding will or will not be treated as Protected

Material. If a Party or deposed Non-Party requests on the record during a deposition or pre-trial hearing that said testimony be provisionally treated as Protected Material, then said deposition or hearing testimony shall be treated as Protected Material until 30 days after the transcript is delivered by the court reporter to each Party's Outside Counsel. Within the 30-day period following the court reporter's delivery of the transcript, any Party or deposed Non-Party may serve a Notice of Designation to all other Parties as to specific portions of the testimony that shall be designated as Protected Material. After the 30-day period, only those portions identified in any Notice of Designation shall be protected by the terms of this Protective Order. The Parties and any deposed Non-Party may agree to a reasonable extension of the 30-day period for designation. Parties shall endeavor to give the other Parties notice if they reasonably expect a deposition, hearing, or other proceeding to implicate Protected Material. Regardless of a served Notice of Designation, Plaintiff's Identity and previously Ordered confidential information shall be automatically treated as Protected Material for depositions or in pre-trial hearings.

      F.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Parties may seek appropriate relief from the Court for designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties). If it comes to a Designating Party's attention that information or items that it designated for protection do not

qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

## 8.    CHALLENGING PROTECTED MATERIAL DESIGNATIONS

**A.**    A Receiving Party shall not be obligated to challenge the propriety of any "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "PLAINTIFF'S IDENTITY" designation by the Designating Party of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

**B.**    Any challenge to a designation of the Designating Party's Protected Material shall be written, shall be served on Counsel for the Designating Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

    i.    The Receiving Party shall have the burden of conferring either in person, in writing, or by telephone with the Designating Party in a good faith effort to resolve the dispute. The Designating Party shall have the burden of justifying the disputed designation.

    ii.    The entry of this Order shall not preclude or prejudice either the Designating Party or the Receiving Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

    iii.    Notwithstanding any challenge to a designation, the Protected Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Designating Party withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation. In the event that a Designating

Party withdraws a Protected Material designation or the Court rules that the Discovery Material in question is not entitled to the designation, the Designating Party shall promptly reproduce the information in question with the appropriate Protected Material designation, if any, as applicable.

**9.    <u>SUBPOENAS OR COURT ORDERS</u>**

If a Receiving Party receives a subpoena or other compulsory process (e.g., court order) from any court or other arbitral, administrative, or legislative body commanding the production of another Party's Protected Material, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to the Designating Party's Counsel within seven days to allow the Designating Party an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena or other compulsory process.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "PROTECTED MATERIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10.    <u>FILING PROTECTED MATERIAL AND MATERIAL CONTAINING PLAINTIFF'S IDENTITY</u>**

**A.**    Absent written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material belonging to the Designating Party.

---

**B.**     Any Party is authorized to seek leave to file under seal with the Court any brief, document, or materials that are designated as Protected Material under this Order.

## 11.    INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

**A.**     In the event of a disclosure of any Protected Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify Counsel for the Designating Party and provide to such Counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible Disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

**B.**     Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to hold the disclosed document or information as Protected Material.

## 12.    INADVERTENT PRODUCTION OF SUBSEQUENTLY-CLAIMED PRIVILEGED INFORMATION

**A.**     The production of privileged or work-product protected Discovery Material ("Disclosed Protected Information") in this case, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this Action. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. This Protective Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). Nothing contained herein is

intended to, or shall serve limit a Party's right to conduct a review of any Discovery Material for relevance, responsiveness, or segregation of privileged or protected information before production. Additionally, the inadvertent protection of Discovery Material without an appropriate designation of Protected Material shall not be deemed a waiver or acknowledgement as to the confidentiality of any inadvertently produced document and any related material.

**B.**    Upon discovery that a document has been produced that the Producing Party believes to contain Protected Material or privileged and/or work product material, the Producing Party must notify the Receiving Party within thirty (30) days of that discovery, in writing, asserting attorney-client privilege, work product protection, or other applicable privilege or protection with respect to Disclosed Protected Information.

**C.**    The Receiving Parties must, unless it contests the claim or privilege or protection in accordance with this Protective Order, within fourteen (14) days of receipt of that writing, and to the extent applicable, do the following: [1] return, delete, or destroy all copies of the Disclosed Protected Information; and [2] provide a certification from Outside Counsel that all of the Disclosed Protected Information has been returned or destroyed.

**D.**    Disclosed Protected Information that is sought to be reclaimed by the Parties to this case pursuant to this Protective Order shall not be used as grounds by any third party to argue that any waiver or privilege or protection has occurred by virtue of any production in this case.

**13.    <u>MISCELLANEOUS</u>**

**A.**    <u>Modification</u>. Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future. By stipulating to or complying with this Order, the Designating Party does not waive the right to argue that certain Protected Material may require additional or different confidentiality protections than those set forth herein. Furthermore, this Order is subject to modification sua sponte

by Court order.

**B.**    <u>Termination of Matter and Retention of Jurisdiction</u>. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter. The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

**C.**    <u>Successors</u>. This Order shall be binding upon the Parties, their Outside Counsel, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and Experts, and any persons or organizations over which they have direct control.

**D.**    <u>Right to Assert Other Objections</u>. Designating Party does not waive any right it otherwise would have in this Action to claim that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this Action or any other proceeding. Similarly, neither Party waives any right to object on any grounds to the use in evidence of any Protected Material covered by this Order.

**E.**    <u>Burdens of Proof</u>. Notwithstanding anything to the contrary herein, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is Confidential, whether disclosure should be restricted, and if so, what restrictions should apply.

**F.**    <u>Discovery Rules Remain Unchanged</u>. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules or the Court's own orders.

**IT IS SO ORDERED.**

  **IT IS FURTHER ORDERED** that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.  This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply.  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

Dated this   4th   day of  December , 2025.

                _____

           Honorable David T. Bristow,
           UNITED STATES MAGISTRATE JUDGE

1

## **<u>EXHIBIT A</u>**

2

## **<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>**

3    I, _____ [name], residing at _____

4    _____._____(address), with telephone number

5    _____ declare under penalty of perjury that I have read in its entirety and

6    understand the Stipulated Protective Order that was issued by the United States District

7    Court for the Central District of California on _____ in the case of  J.V. v. G6

8    Hospitality, LLC, et al., Case No. 5:24-cv-02350-SRM-DTB.

9    By executing this Acknowledgement and Agreement to be Bound, I solemnly

10   promise that I will not disclose in any manner any information or item that is subject to this

11   Stipulated Protective Order to any person or entity except in strict compliance with the

12   provisions of this Order. I further acknowledge and understand that failure to comply with

13   this Section 5 (regarding Plaintiff's Identity) for any reason will be grounds to hold me in

14   Contempt of Court. I further acknowledge that I have agreed to comply with and to be

15   bound by all the terms of this Stipulated Protective Order, as well as any applicable

16   modifications and alterations, and I understand and acknowledge that failure to so comply

17   could expose me to sanctions and punishment in the nature of contempt.

18   I further agree to submit to the jurisdiction of the United States District Court for the

19   Central District of California for the purpose of enforcing the terms of the Stipulated

20   Protective Order (or any other Court where this Acknowledgement may be enforced against

21   me), even if such enforcement proceedings occur after termination of this Action.

22

23   Date: _____    _____

24                               Printed Name

25                               _____

26                               Signature

27                               _____

28                               City and State where sworn and signed

**Protective Order Regarding Disclosure of Confidential Information**    23